IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEONARD CLERKLEY, | § | |
| aka Leonard Clerkly,[1] | § | |
| (TDCJ # 595191) | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:05-CV-199-Y |
| | § | |
| | § | |
| CORRECTIONAL SERVICES | § | |
| CORPORATION, et al. | § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b)(1),
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

Plaintiff Leonard Clerkley, a prisoner presently housed at the Texas Department of Criminal Justice-Tulia Transfer Unit, was permitted by the magistrate judge to proceed herein pursuant to 28 U.S.C. § 1915, with the filing fee to be collected as required by the Prison Litigation Reform Act (PLRA). In Clerkley's form civil-rights complaint seeking relief under 42 U.S.C. § 1983, he names as defendants the Correctional Service Corporation (CSC); Mr. McGuire, Director of Operations, CSC-Halfway House, Fort Worth, Texas; and Lieutenant Davis, CSC- Halfway House, Fort Worth, Texas. (Compl. Style; ¶ IV(B).)  Clerkley alleges that while he was assigned to the CSC facility in Fort Worth, Texas, in July 2003, he violated the conditions of his parole, resulting in his arrest and placement in the Tarrant County jail. Clerkley alleges that he took all steps necessary to retrieve from the CSC facility items of personal

---

[1]Although Plaintiff has signed his name to pleadings in this case as "Clerkley," he has also listed the spelling of his name in a prior lawsuit as "Clerkly" and records of the Texas Department of Criminal Justice show the spelling of inmate number 595191 name as "Clerkly."

property, but that when his sister physically took the proper release forms to the facility, Lieutenant Davis told her that CSC no longer had his property. (Compl. § V, attachment pages.) Clerkley also alleges that Davis "disposed of the property." (Compl. § IV(B).) Clerkley claims that CSC had a responsibility to hold his property for 30 days past his departure from the facility, and they failed to do so. (Compl.; attachment.) Clerkley estimates that the items were valued at a total of $3,050, and he seeks to have the property returned to him or to be compensated for the loss of the property. (Compl. ¶ VI; attachment.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after

---

[2]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2004).

[3]*See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2004); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

2

docketing.[4]  Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review and consideration of Clerkley's claims in this suit, the Court concludes that they must be dismissed under the authority of these provisions.

In order to assert a claim for violation of his federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendant deprived him of such right while acting under color of law.[7] Plaintiff's allegations as to the deprivation of property fail to satisfy the first element.  Clerkley has not recited the constitutional basis for his claim, but it appears that he is complaining of a loss of property without due process of law.[8] The Fourteenth Amendment to

---

[4]*See* 28 U.S.C.A. § 1915A(a)(West Supp. 2004).

[5]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[7]*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir. 1993).

[8]To the extent Clerkley claims that the loss of his property was only the result of negligence, such allegation does not state a cause of action under § 1983. *Daniels v. Williams,* 474 U.S. 327, 328 (1986); *Davidson v. Cannon,* 474 U.S. 344, 347 (1986). Where negligence is involved in causing a deprivation of property, no procedure for compensation is constitutionally

the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law."[9]  Under the *Parrat/Hudson* doctrine, a random and unauthorized intentional deprivation of property does not give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy.[10]  Thus, in challenging a random intentional property deprivation, the claimant must either take advantage of the available remedies or prove that the available remedies are inadequate.[11]  Texas law allows recovery of monetary damages for loss of use of property during its period of detention.[12]  Because Texas provides an adequate post-deprivation remedy, Clerkley's claim concerning the taking of his personal property  does not rise to a violation of the Due Process Clause.[13]  Thus, Clerkley's allegation

---

required. *Id.*

[9]U.S. CONST.  amend.  XIV § 1.

[10]*See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996)(discussing the Supreme Court's decisions in *Parratt v. Taylor,* 451 U.S. 527 (1981) and *Hudson v. Palmer,* 468 U.S. 517 (1983), as dictating that a state actor's random and unauthorized deprivation of property does not result in a violation of procedural due process if the state provides an adequate post-deprivation remedy, and explaining "the doctrine protects the state from liability for failing to provide a predeprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers.")

[11]*Hudson,* 468 U.S. at 534-35; *Myers,* 97 F.3d at 94.

[12]*See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994)(In Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss,* 568 S.W.2d 413, 420-21 (Tex.Civ.App.–San Antonio 1978, no writ)(conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights).

[13]*See Hudson,* 468 U.S. at 536 (Noting that even where a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment since the Commonwealth of Virginia provided the prisoner

concerning the loss of his personal property does not amount to a violation of a constitutional right, and such claim should be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §§ 1915(e)(2)(B)(i) and(ii).

It is therefore ORDERED that plaintiff Leonard Clerkley's claims be, and they are hereby, DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and, alternatively, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

SIGNED April 29, 2005.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

with an adequate post-deprivation remedy.)